IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ONSCREEN DYNAMICS, LLC,** | Civil Action No. 2:24-cv-00251-JRG |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| **EAN HOLDINGS, LLC,** | |
| Defendant. | |

**DEFENDANT EAN HOLDINGS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant EAN Holdings, LLC ("Defendant" or "Enterprise"), by and through its counsel, hereby files its Answer and Affirmative Defenses ("Answer") to Plaintiff's Complaint for Patent Infringement (ECF No. 1) ("Complaint"), filed by Plaintiff, Onscreen Dynamics, LLC ("Plaintiff" or "Onscreen Dynamics").  Except as otherwise expressly set forth below, Defendant denies each and every allegation contained in the Complaint.  Defendant reserves the right to amend or supplement this Answer to include additional defenses that are discovered during the course of this lawsuit.  Defendant denies any express or implied allegation included in any heading of the Complaint, including those reproduced herein.  Subject to and without waiving the foregoing, Defendant responds to the separate, numbered paragraphs of the Complaint as follows:

**THE PARTIES**

1.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 and, on that basis, denies the same.

2.      Defendant admits that it is a  limited liability company organized and existing under

1

the laws of Delaware. Defendant admits that it does business in Texas and in the Eastern District of Texas. Defendant denies that it has a regular and established place of business in this Judicial District, including at the following locations: 3901 E End Blvd S, Marshall, TX 75672; 2951 State Hwy 31 E, Tyler, TX 75702; 500 W Front St, Tyler, TX 75702; and 5760 State Hwy 121, Plano, TX 75024. Defendant denies all other express or implied allegation in paragraph 2, including that Defendant has in any way committed any act of patent infringement.

## JURISDICTION AND VENUE

3. Defendant admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant admits that Plaintiff purports to assert a claim for patent infringement under Title 35 of the United States Code. Defendant denies all other express or implied allegations set forth in paragraph 3, including that Defendant has in any way committed any act of patent infringement.

4. Defendant denies all express or implied allegations set forth in paragraph 4, including that Defendant has in any way committed any act of patent infringement. The remaining allegations of paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

5. Defendant denies all express or implied allegations set forth in paragraph 5, including that Defendant has in any way committed any act of patent infringement. The remaining allegations of paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

6. Defendant denies all express or implied allegations set forth in paragraph 6, including that Defendant has in any way committed any act of patent infringement. The remaining allegations of paragraph 6 constitute legal conclusions to which no response is required. To the

extent a response is required, Defendant denies the same.

7. Defendant denies that it has a regular and established place of business in this Judicial District. Defendant denies all express or implied allegations set forth in paragraph 7, including that Defendant has in any way committed any act of patent infringement. The remaining allegations of paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

## FACTUAL BACKGROUND

**U.S. Patent No. 9,395,917**

8. Defendant admits that the purported copy of U.S. Pat. No. 9,395,917 (the "'917 Patent"), attached to the Complaint as Exhibit A, is entitled "Electronic Display with a Virtual Bezel" and states on its face an issue date of July 19, 2016. Defendant denies that the '917 Patent was duly and legally issued. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8 and, on that basis, denies the same.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and, on that basis, denies the same. To the extent the allegations in paragraph 9 constitute legal conclusions, no response is required. To the extent a response is required, Defendant denies the same.

10. The allegations in paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

11. Defendant admits that the purported copy of the '917 Patent, attached to the Complaint as Exhibit A, includes 17 claims.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and, on that basis, denies the same.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and, on that basis, denies the same.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, denies the same.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and, on that basis, denies the same.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 and, on that basis, denies the same.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 and, on that basis, denies the same.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 and, on that basis, denies the same.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 and, on that basis, denies the same.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 and, on that basis, denies the same.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 and, on that basis, denies the same.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and, on that basis, denies the same.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and, on that basis, denies the same.

24. Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations in paragraph 24 and, on that basis, denies the same.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and, on that basis, denies the same.

26. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and, on that basis, denies the same.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and, on that basis, denies the same.

28. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and, on that basis, denies the same.

**U.S. Patent No. 9,646,663**

29. Defendant admits that the purported copy of U.S. Pat. No. 9,645,663 (the "'663 Patent"), attached to the Complaint as Exhibit B, is entitled "Electronic Display with a Virtual Bezel" and states on its face an issue date of May 9, 2017. Defendant denies that the '663 Patent was duly and legally issued. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8 and, on that basis, denies the same.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 and, on that basis, denies the same. To the extent the allegations in paragraph 30 constitute legal conclusions, no response is required. To the extent a response is required, Defendant denies the same.

31. The allegations in paragraph 31 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

32. Defendant admits that the purported copy of the '663 Patent, attached to the Complaint as Exhibit B, includes 18 claims.

33. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 and, on that basis, denies the same.

34. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 and, on that basis, denies the same.

35. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 and, on that basis, denies the same.

36. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 and, on that basis, denies the same.

37. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 and, on that basis, denies the same.

38. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 and, on that basis, denies the same.

39. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 and, on that basis, denies the same.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 and, on that basis, denies the same.

41. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 and, on that basis, denies the same.

42. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 and, on that basis, denies the same.

43. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 and, on that basis, denies the same.

44. Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations in paragraph 44 and, on that basis, denies the same.

45. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 and, on that basis, denies the same.

46. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 and, on that basis, denies the same.

47. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 and, on that basis, denies the same.

48. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 and, on that basis, denies the same.

49. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 and, on that basis, denies the same.

50. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50 and, on that basis, denies the same.

## COUNT I — INFRINGEMENT OF U.S. PATENT NO. 9,395,917

51. Defendant incorporates by reference the statements and responses set forth in paragraphs 1–50 above with the same force and effect as though fully rewritten herein.

52. Denied.

53. Denied.

## COUNT II — INFRINGEMENT OF U.S. PATENT NO. 9,645,663

54. Defendant incorporates by reference the statements and responses set forth in paragraphs 1–53 above with the same force and effect as though fully rewritten herein.

55. Denied.

56. Denied

**JURY DEMAND**

57.     Defendant respectfully reserves the right to object to a jury trial on issues for which there is no right to trial by jury, including by way of a motion pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure and the Seventh Amendment of the U.S. Constitution and/or any comparable state constitution(s).

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief as requested in this lawsuit, including, but not limited to, those requested in the section titled "PRAYER FOR RELIEF" of the Complaint, including paragraphs A–F. To the extent the "PRAYER FOR RELIEF" section is interpreted to contain any express or implied allegations, Defendant denies them.

**DEFENDANT EAN HOLDINGS, LLC'S AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses, without waiver, limitation or prejudice, and without conceding that it bears the burden of proof as to any issue that would otherwise rest upon Plaintiff. Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this litigation.

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

Plaintiff's claims are barred because Plaintiff has failed to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
(Non-Infringement)

Defendant has not infringed and is not infringing, either literally or under the doctrine of

equivalents, directly, by inducement, contributorily, jointly, willfully, or in any other way, any valid enforceable claim of the '917 Patent.

Defendant has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, jointly, willfully, or in any other way, any valid enforceable claim of the '663 Patent.

### THIRD AFFIRMATIVE DEFENSE
(Invalidity)

The claims of the '917 Patent are invalid for failure to comply with the requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

The claims of the '663 Patent are invalid for failure to comply with the requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Mark)

To the extent that Plaintiff and/or any predecessors in interest to the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the Patents-in-Suit, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the Patents-in-Suit.

### FIFTH AFFIRMATIVE DEFENSE
(Waiver and/or Prosecution History Estoppel)

Plaintiff is barred by waiver and/or prosecution history estoppel from contending that any claim of the '917 Patent covers alleged Defendant products or processes by virtue of statements and admissions made by the named inventors and/or patent counsel during proceedings before the

USPTO.

Plaintiff is barred by waiver and/or prosecution history estoppel from contending that any claim of the '663 Patent covers alleged Defendant products or processes by virtue of statements and admissions made by the named inventors and/or patent counsel during proceedings before the USPTO.

## SIXTH AFFIRMATIVE DEFENSE
(Laches, estoppel, acquiescence, waiver, unclean hands)

Plaintiff's attempted enforcement of the Patents-in-Suit against Defendant is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
(No Exceptional Case)

The Complaint fails to establish, and Defendant denies, that this case is an exceptional case under 35 U.S.C. § 285.

## JURY DEMAND

Defendant respectfully requests a jury trial for all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor against Plaintiff and grant the following relief:

    a.    that Plaintiff take nothing from Plaintiff on each and every claim asserted in the Complaint;

    b.    dismissal with prejudice of the Complaint against Defendant;

    c.    that Defendant does not infringe any asserted valid, enforceable claim of the '917 Patent;

    d.    that the asserted claims of the '917 Patent are invalid, void, or unenforceable;

  e.  that Defendant does not infringe any asserted valid, enforceable claim of the '663 Patent;

  f.  that the asserted claims of the '663 Patent are invalid, void, or unenforceable;

  g.  that this lawsuit is an exceptional case under 35 U.S.C. § 285 and an award to Defendant of its reasonable attorneys' fees;

  h.  an award to Defendant of its costs and disbursements associated with this action; and

  i.  an award to Defendant of any additional relief as the Court may deem appropriate and just under the circumstances.

Dated: June 24, 2024

              BAKER & McKENZIE LLP

              By:  */s/ Mackenzie M. Martin*

                Mackenzie M. Martin
                SBN: 24066659
                mackenzie.martin@bakermckenzie.com
                Aaron R. Lines
                SBN: 24125140
                aaron.lines@bakermckenzie.com
                1900 N. Pearl Street, Suite 1500
                Dallas, TX 75201
                Tel: (214) 978-3048
                Fax: (214) 978-3099

              *Attorneys for EAN Holdings, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 24th day of June, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5.

*/s/ Mackenzie M. Martin*
Mackenzie M. Martin
